IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| VRC, LLC, | : | CASE NO.: 5:23-bk-00926-MJC |
| | : | |
| Debtor-In-Possession | : | |
| | : | |
| ANDREW R. VARA | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| VRC, LLC, | : | |
| | : | |
| Respondent | : | |

**MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OR, IN THE ALTERNATIVE, FOR AN ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE**

NOW COMES the United States Trustee, through undersigned counsel, and respectfully moves this Court to enter an Order converting the Debtor's Chapter 11 case to a case under Chapter 7 or, in the alternative, for an Order dismissing the Debtor's Chapter 11 case. In support thereof, the United States Trustee states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(a) and (b)(1) and 1334(a) and (b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1) and (2)(A). Venue of this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this Motion are 11 U.S.C. §§ 105 and 1112(b). The United States Trustee has standing pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

2. On April 26, 2023 (the "Petition Date"), VRC, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). *See Docket No. 1.*

3. The principal of the Debtor is Svetlana Hanover ("Ms. Hanover").

4. The Debtor owns real property located at 2735 Route 390 in Canadensis, Pennsylvania (the "Canadensis Property") and 6272 Route 191 in Cresco Pennsylvania (the "Cresco Property").

5. The Debtor values its interest in the Canadensis Property at $1,350,000.00 and its interest in the Cresco Property at $900,000.00

6. Upon information and belief, the Pump House Inn and Spa operates on the Canadensis Property and a seven unit commercial building operates on the Cresco Property.

7. Upon information and belief, both the Canadensis Property and the Cresco Property are open to members of the public

8. On May 12, 2023, Ms. Hanover appeared telephonically for the Debtor's Initial Debtor Interview.

9. When questioned by the United States Trustee's representative about the status of the Debtor's insurance coverage, Ms. Hanover stated that the Debtor presently has no insurance coverage in force, but that she is attempting to obtain insurance coverage for the Debtor.

10. The United States Trustee is charged with certain administrative responsibilities pursuant to the provisions of Title 28 U.S.C. § 586(a), which includes monitoring the progress of cases under the Bankruptcy Code and taking such actions as the United States Trustee deems to be appropriate to prevent undue delay in such progress.

11. Title 11 U.S.C. § 1112(b)(1) provides that this Honorable Court shall, upon a showing of cause and on request of a party in interest, and after notice and a hearing, convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate.

12. Section 1112(b)(4) of the Bankruptcy Code contains a nonexhaustive list of examples of "cause" justifying conversion or dismissal of a Chapter 11 case including, but not limited to, failure to maintain appropriate insurance that poses a risk to the estate or to the public.[1] *See 11 U.S.C.* § 1112(b)(4)(C).

13. In determining whether cause exists to dismiss a case under § 1112(b), a court must engage in a "case-specific" factual inquiry which "focus[es] on the circumstances of each debtor." *United Savs. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.* (*In re Timbers of Inwood Forest Assocs., Ltd.*), 808 F.2d 363, 371-72 (5th Cir. 1987) (en banc), *aff'd*, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988); *In re Great Am. Pyramid Joint Venture*, 144 B.R. 780, 791 (Bankr. W.D. Tenn. 1992). The party seeking dismissal carries the burden of proof and must satisfy that burden by a preponderance of the evidence. *See Loop Corp. v. U.S. Tr.* (*In re Loop Corp.*), 379 F.3d 511, 517-18 (8th Cir. 2004) (citing *In re Woodbrook Assocs.*, 19 F.3d 312, 317 (7th Cir. 1994)). A bankruptcy court has broad discretion to convert or dismiss a Chapter 11 case under 11 U.S.C. § 1112(b)." *AMC Mortg. Co. v. Tenn. Dep't of Revenue* (*In re AMC Mortg. Co.*), 213 F.3d 917, 920 (6th Cir. 2000).

14. Once a party demonstrates that cause exists to convert or dismiss the case under

---

[1] Indeed, it is well established that cause for conversion or dismissal is not limited to those examples. *See In re: Langseth*, 70 B.R. 274 (Bankr. D. N. D. 1987); *In re: Gateway Access Solutions, Inc.,* 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007) (noting that section 1112(b)(4) provides "illustrative examples of cause") (internal quotation marks omitted).

§ 1112(b)(1), a court is required to dismiss or convert the case unless the court "finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate. . . ." 11 U.S.C. § 1112(b)(2). *See Gateway Access Solutions, Inc.,* 374 B.R. 556, 560 (M.D.Pa. 2006)(J. Opel).[2]

15. A debtor's failure to maintain appropriate insurance that poses a risk to the estate or to the public is an enumerated cause for conversion or dismissal of the Debtor's Chapter 11 case under § 1112(b)(4)(C). *See In re: Ramreddy, Inc.,* 440 B.R. 103 (Bankr. E.D. Pa. 2009).

16. As the Canadensis Property and the Cresco Property are among the Debtor's most valuable asseta, the Debtor's failure to maintain appropriate insurance coverage on them is a grave risk to the estate and its creditors. Further, the Debtor's failure to maintain appropriate insurance coverage also presents a significant risk to members of the public who enter upon the Canadensis Property and the Cresco Property.

17. The Debtor's failure to maintain appropriate insurance coverage is cause for conversion or dismissal of the Debtor's Chapter 11 case pursuant to 11 U.S.C. § 1112(b)(4)(C).

18. The United States Trustee respectfully submits that the conversion of the Debtor's Chapter 11 case to a case under Chapter 7 is the appropriate remedy to allow a Chapter 7 Trustee to be appointed to investigate the Debtor's financial affairs and, if appropriate, recover and administer assets of the estate for the benefit of creditors. In the alternative, the United States Trustee respectfully requests that the Court consider dismissing the Debtor's Chapter 11 case.

*(remainder of page left blank intentionally)*

---

[2] The burden of establishing "unusual circumstances" is on the debtor. *Id.*

WHEREFORE, for the reasons stated herein, the United States Trustee respectfully requests that this Court enter an Order converting the Debtor's Chapter 11 case to a case under Chapter 7 or, in the alternative, dismissing the Debtor's Chapter 11 case and grant such other and further relief as is just and equitable.

    Respectfully submitted,

    ANDREW R. VARA
    UNITED STATES TRUSTEE
    REGIONS 3 AND 9

    D. Troy Sellars, Esq.
    Assistant United States Trustee

    By: /s/ Gregory B. Schiller
    Gregory B. Schiller, Esq.
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    Middle District of Pennsylvania
    The Sylvia H. Rambo US Courthouse
    1501 North 6th Street
    Box 302
    Harrisburg, PA 17102
    Tel.: (717) 221-4515
    Fax: (717) 221-4554
    Email: Gregory.B.Schiller@usdoj.gov

Dated: May 15, 2023